Dear Honorable Pitezel,
The Attorney General has received your request for an official opinion asking, in effect:
 Is it legal for a municipality that gives public funds to a nonprofit corporation to require that certain individuals be appointed to the board of directors of that nonprofit corporation?
For the purposes of this Opinion we are assuming that the grant of public funds by the municipality to the nonprofit corporation was a proper expenditure of public funds and therefore, it is unnecessary to address that issue in this Opinion.
We find no Oklahoma Supreme Court cases that have addressed this issue. An examination of the United States Supreme Court cases that discuss the ability of Congress to place restrictions or terms on which it shall disburse federal money to the states will reveal the answer to your question.
The United States Supreme Court has long recognized that Congress may fix the terms or restrictions under which it dispenses federal funds to the states. Oklahoma v. United States Civil Serv. Com., 330 U.S. 127,91 L.Ed. 794, 67 S.Ct. 544 (1947); King v. Smith, 392 U.S. 309,20 L.Ed.2d 1118, 88 S.Ct. 2128 (1968); Pennhurst State School v. Halderman,451 U.S. 1, 67 L.Ed.2d 694, 101 S.Ct. 1531 (1981).
In the Oklahoma case, the United States Supreme Court affirmed a lower court decision which upheld certain federal restrictions upon the receipt of federal funds. Federal law required that no officer of a state whose principal employment is in connection with any activity which is financed by grants from the federal government shall take part in political campaigns or political management. A member of the State Highway Commission of Oklahoma was very active in Democratic politics in Oklahoma. The federal government determined that such activity was in violation of federal law and sought to penalize the state.
In upholding the lower court decision, the Supreme Court wrote:
 "While the United States is not concerned and has no power to regulate local political activities as such of state officials, it does have power to fix the terms upon which its money allotments to state shall be disbursed." Oklahoma, supra, 330 U.S. at 143. (Emphasis added).
In Ivanhoe Irrigation District v. McCracken, et al., 357 U.S. 275,2 L.Ed.2d 1313, 78 S.Ct. 1174 (1958), the United States Supreme Court wrote:
 "The lesson of these cases is that the Federal Government may establish and impose reasonable conditions relevant to federal interest in the project and to the over-all objectives thereof." Id., 357 U.S. at 295.
The Supreme Court has said that such an arrangement between the Federal Government and a state is similar to that of a contract:
 "[L]egislation enacted pursuant to the spending power is much in the nature of a contract: in return for federal funds, the States agree to comply with federally imposed conditions. The legitimacy of Congress' power to legislate under the spending power thus rests on whether the State voluntarily and knowingly accepts the terms of the `contract.'. . . There can, of course, be no knowing acceptance if a State is unaware of the conditions or is unable to ascertain what is expected of it. Accordingly, if Congress intends to impose a condition on the grant of federal moneys, it must do so unambiguously." Pennhurst, supra, 451 U.S. at 17.
The same reasoning could be applied to grants from municipal governments. A municipality would have the authority under the spending powers of the municipality to place conditions or terms upon the disbursement of funds to other entities. These terms or conditions must be reasonable, expressed in clear and unambiguous language, and related to the overall objectives of the funding.
It is, therefore, the official opinion of the Attorney General that amunicipality has the authority to impose certain terms or conditionsunder which the municipality dispenses funds to other entities. Theseterms or conditions must be reasonable, expressed in clear andunambiguous terms, and related to the overall objectives of the funding.Whether the requirement that a municipality be allowed to appoint certainindividuals to the board of directors of a nonprofit corporation as acondition of receiving funds from said municipality is proper is aquestion of fact that cannot be answered in an Attorney General Opinion.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
RICHARD MILDREN, ASSISTANT ATTORNEY GENERAL